Appeal from a decision and award of the Workmen’s Compensation Board. Decedent was employed as an oiler working on a large crane. There is adequate proof in the record that he was injured in the course of his employment on July 23, 1954. The crane operator testified that as the crane was lifting a wooden matting used in its operation decedent was struck “in the shins”. The operator further testified “I seen him flip” and he described further the observed motion of the decedent by adopting a question framed by the carrier that decedent had “sort of gone with the blow as a boxer would go with a blow.” When decedent arrived home he told his wife he had been hurt and “flipped in the air and came down” and had landed on what has been identified medically as the left lumbar region. His wife noticed that “the sole was off his shoe” when he came home. The next day he was examined by a physician who received from deeedent a history that he had been thrown in the air and had fallen on his left side. An objective observation was made that there was spasticity in the left lumbar region. A contusion of the right knee was observed. Eight days later decedent died. Autopsy showed that the primary cause of his death was heart disease and disease of the blood vessels. But there were also found on autopsy injuries to the spleen and pancreas so located and of sueh kind that the medical examiner was of opinion they Were of traumatic origin, and there was fótmd évidéneé of *918 traumatic phlebitis of the left leg. The examiner on autopsy found, for example, that there was “a rent in the capsule” of the spleen, that the pulp tissue was softened and there was “a slight hemorrhagic” appearance in the “tail of the panereas”. There was evidence of swelling in the left leg. The medical opinion which seems to us adequately supported by the record is that an aceident of the kind described by the testimony could produce the conditions found on autopsy which were attributed to injury and there is adequate proof that in totality these injuries adversely affected the coronary and circulatory diseases suffered by decedent and accelerated his death. Award affirmed, with costs to be divided between the board and the claimant.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.